**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3913-16T1

K.P.,

      Appellant-Plaintiff,

v.

DIVISION OF MEDICAL
ASSISTANCE AND
HEALTH SERVICES,

      Respondent-Defendant.

_____

Submitted October 15, 2019 – Decided December 6, 2019

Before Judges Rothstadt and Mitterhoff.

On appeal from the New Jersey Department of Human Services, Division of Medical Assistance and Health Services.

SB2, Inc., attorneys for appellant (Laurie M. Higgins, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Jacqueline R. D'Alessandro, Deputy Attorney General, on the brief).

PER CURIAM

In this appeal, appellant K.P. contends that respondent, the Division of Medical Assistance and Health Services (DMAHS), improperly failed to respond to a request to transfer this matter to the Office of Administrative Law (OAL) for a hearing with respect to the termination of his Medicaid benefits. According to K.P., DMAHS never sent him, or his designated representative, written notice terminating his benefits as required by the applicable regulations. K.P. argues that DMAHS' failure to schedule a hearing, ostensibly because his request was untimely, was an abuse of discretion. DMAHS counters that because K.P. failed to timely produce the termination notice, it properly closed his file. After conducting a thorough review of the record in light of the arguments on appeal, we remand for further proceedings.

I.

We discern the following facts from the record. By letter dated January 19, 2017, Ada Sachter Gallicchio from SB2, Inc., wrote to DMAHS, notifying it that her firm had been retained by K.P.'s designated authorized representative (DAR) and that his case had been "closed by Gloucester County Division of Social Services (GCDSS) on November 30, 2014 due to a need for additional information." The letter claimed that a termination notice was sent to K.P. prior

2

to the case being closed, but the notice did not advise K.P. of his appeal rights as required by N.J.A.C. 10:70-7.1. Gallicchio requested a fair hearing on K.P.'s behalf.

On February 6, 2017, DMAHS responded and requested a copy of the termination notice. Its letter indicated that "[i]f the requested information is not received within thirty days from the date of this letter, the case will be closed." On February 14, 2017, Gallicchio forwarded a termination notice dated June 10, 2011, addressed to a different individual, G.P. According to K.P., on February 16, 2017, Gallicchio wrote to DMAHS notifying it that the February 14, 2017 letter was sent in error. Gallicchio claimed that K.P. did not receive a termination notice when his benefits were terminated in November 2014. She stated that "[a]ccording to Songtarae B. Fields of [GCBSS], the termination letter was issued by DMAHS, but that she [did] not have a copy to provide." Gallicchio requested that DMAHS locate the letter and provide it to her.

DMAHS did not respond, and it ceased all communications with K.P. This appeal ensued.

On October 18, 2018, DMAHS moved for summary disposition of the appeal. By order dated November 14, 2018 we denied the motion and directed the agency to provide appellant with the notice terminating K.P.'s benefits.

3

DMAHS complied by providing K.P. with a copy of the termination notice dated October 28, 2015.[1] On May 6, 2019, this court entered an order granting K.P.'s motion to supplement the record with the February 16, 2017 letter from his counsel to DMAHS.

On appeal, K.P. contends that DMAHS unlawfully failed to respond to his request for a fair hearing. K.P. alleges neither he nor his DAR received the termination notice. K.P. states that by requiring him to furnish a copy of the termination notice, DMAHS attempted to limit his access to a fair hearing, as this request rendered it impossible for K.P. to seek a hearing. K.P. requests that this court either reverse the denial of his Medicaid benefits or transfer his request to the OAL for a fair hearing.

DMAHS argues that it properly closed K.P.'s case when he failed to provide the requested information within thirty days. In addition, the agency argues that K.P.'s request for a hearing was untimely because N.J.A.C. 10:49-10.3(b) requires requests for hearings to be made "within 20 days from the date of the notice of the agency action giving rise to said complaint or review." DMAHS points out that the letter requesting a fair hearing "stated that K.P.'s

---

[1] The termination notice was addressed to C.S., who according to DMAHS was K.P.'s daughter and his prior DAR. It is unclear from the record who K.P.'s DAR was on the date of the termination letter.

4

case was closed on November 30, 2014 and a termination notice was sent at that time." DMAHS also argues that the October 28, 2015 notice adequately detailed K.P.'s right to a fair hearing, and the process by which he could request a fair hearing.

## II.

We accord substantial deference to a state administrative agency to the extent it acts within its sphere of delegated functions. In re Stallworth, 208 N.J. 182, 194 (2011). We generally do not overturn the agency's decision unless it is shown to be "arbitrary, capricious, or unreasonable, or . . . not supported by substantial credible evidence in the record as a whole." Ibid. (alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)); see also W.T. v. Div. of Med. Assistance & Health Servs., 391 N.J. Super. 25, 36 (App. Div. 2007).

Similarly, we accord substantial deference to an "agency's interpretation of statutes and regulations within its implementing and enforcing responsibility . . . ." E.S. v. Div. of Med. Assistance & Health Servs., 412 N.J. Super. 340, 355 (App. Div. 2010) (quoting Wnuck v. N.J. Div. of Motor Vehicles, 337 N.J. Super. 52, 56 (App. Div. 2001)). We do not give deference to an agency's legal

A-3913-16T1

determinations.  <u>A.B. v. Div. of Med. Assistance & Health Servs.</u>, 407 N.J. Super. 330, 340 (App. Div. 2009) (citation omitted).

III.

The New Jersey Medical Assistance and Health Services Act, N.J.S.A. 30:4D-1 to -19.5, provides the authority for New Jersey's participation in the federal Medicaid program.  DMAHS is the administrative agency within the Department of Human Services that is charged with administering the Medicaid program.  N.J.S.A. 30:4D-7.  In that regard, the Division has the authority to oversee all State Medicaid programs and issue "all necessary rules and regulations."  <u>Ibid.</u>  Under the applicable regulations, if an applicant is denied Medicaid benefits, "[i]t is the right of every applicant . . . to be afforded the opportunity for a fair hearing in the manner established by the policies and procedures set forth in N.J.A.C. 10:49-10 and 10:69-6 . . . ."  N.J.A.C. 10:71-8.4(a).  Applicants have the right to fair hearings when "their claims . . . . are denied or are not acted upon with reasonable promptness . . . ."  N.J.A.C. 10:49-10.3(b).  Requests for fair hearings must be submitted to the Division in writing within twenty days of the date of the notice of a denial, reduction, or partial denial of Medicaid benefits.  N.J.A.C. 10:49-10.3(b)(1), (3).

6

We agree with DMAHS' position that the October 28, 2015 notice advised K.P. of his right to appeal the termination. Accordingly, the narrow issue before us is when if ever DMAHS sent the notice and, relatedly, when if ever K.P. or his DAR received the notice. If the evidence establishes that DMAHS sent a properly addressed notice on or about October 28, 2015, then K.P. 's January 19, 2017 request for a fair hearing was woefully out of time and DMAHS' closure of his case may be sustained. See N.J.A.C. 10:49-10.3(b)(1), (3). If, on the other hand, neither K.P. not his DAR received the notice until after our order to produce it during the pendency of the appeal, then K.P. may be entitled to pursue an administrative appeal.

While there is a legal presumption of proper mailing in many circumstances, that presumption is not appropriate in all circumstances. See First Resolution Inv. Corp. v. Seker, 171 N.J. 502, 508-09 (2002) (discussing Rule 1:5-4, which provides that service by regular mail is complete upon mailing, only if sent simultaneously with certified or registered mail); see also SSI Med. Servs., Inc. v. Dep't of Human Servs., 146 N.J. 614, 621 (1996) (holding that the presumption of proper mailing can be invoked by proof: "(1) that the mailing was correctly addressed; (2) that the proper postage was affixed; (3) that the return address was correct; and (4) that the mailing was deposited in

7

a proper mail receptacle or at the post office," or evidence of business mailing custom or practice, along with "other corroboration that the custom was followed in a particular instance . . .") (citation omitted).

Here, the record is insufficient for us to conclude factually if and when K.P. or any of his DARs received the termination notice. The issue was never adjudicated because the matter was never transmitted to the OAL. Moreover, neither K.P. nor DMAHS have not cited to anything in the record to support their positions. In that regard, we have not been provided with any certified or registered mailing receipts that would evince proper service of the notice. See Seker, 171 N.J. at 508. In addition, the termination notice is unsigned, and DMAHS failed to cite to the record having any direct or circumstantial evidence, such as a certification of service or testimony regarding its practice and procedure in mailing correspondence by regular mail, that would warrant a presumption of proper mailing. Finally, for reasons unclear on this record, it appears that there was a change in K.P.'s DAR that coincided almost precisely with the October 28, 2015 termination notice.

For these reasons, we conclude that this matter must be remanded to DMAHS for referral to the OAL for a fact-finding hearing initially to determine when K.P. received the October 28, 2015 letter, and if he made a timely request

8

for a fair hearing. If it is determined at the fact-finding hearing that service of the letter was deficient, then the matter shall proceed expeditiously to a fair hearing to be considered on the merits.

Remanded for further proceedings consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9